UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| RAY MANNINGS HARDIN, JR., | ) | |
|---|---|---|
| *Plaintiff,* | ) | |
| v. | ) | No. 1:12-cv-30 |
| | ) | *Judge Collier* |
| BRADLEY COUNTY SHERIFF JIMMY RUTH, CAPTAIN GWEN BEAVERS, | ) | |
| *Defendants.* | ) | |

## MEMORANDUM

Ray Mannings Hardin Jr. ("Plaintiff"), a *pro se* prisoner, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 2) and a motion to proceed *in forma pauperis* (Court File No. 1). Plaintiff brings suit against the Sheriff of Bradley County, Jimmy Ruth ("Sheriff Ruth"), and the administrator of the Bradley County Justice Center, Capt. Gwen Beavers ("Capt. Beavers"). Plaintiff's claims are vague and difficult to decipher. The Court discerns Plaintiff alleges his requests for access to a law library, legal material, and carbon paper were denied. In addition, his "[r]equest for appeal process on Kiosk or hard copy of grievances filed [sic]. Denied." (Court File No. 2). Finally, Plaintiff claims he was denied adequate recreation. Plaintiff seeks access to law books, carbon paper, legal pads, as well as permission to receive legal books through the mail, a new grievance process, and adequate time out of his cell for recreation.

For the reasons explained below, Plaintiff's motion to proceed *in forma pauperis* will be **GRANTED IN PART** and **DENIED IN PART** (Court File No. 1), and his complaint will be **DISMISSED** *sua sponte* as frivolous and for failure to state a claim (Court File No. 2).

## I.   APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Although it appears from the application to proceed *in forma pauperis* submitted by Plaintiff that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00, he is not relieved of the ultimate responsibility of paying the $350.00 filing fee (Court File No. 1). Thus, Plaintiff's motion to proceed *in forma pauperis* is **GRANTED IN PART** and **DENIED IN PART** (Court File No. 1). It is **GRANTED** to the extent Plaintiff is permitted to file his complaint without prepayment of the full filing fee but **DENIED** to the extent that he is not relieved of the ultimate responsibility of paying the $350.00 filing fee as he will be assessed the fee and required to make the payment in installments. Since Plaintiff is a prisoner in custody at the Bradley County Justice Center, he is **ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Plaintiff shall pay the full filing fee of three-hundred and fifty dollars ($350.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, 900 Georgia Avenue, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

      (a)    twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

      (b)    twenty percent (20%) of the average monthly balance in Plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such

monthly income exceeds $10.00, until the full filing fee of $350.00, as authorized under 28 U.S.C. § 1914(a), has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court will be **DIRECTED** to send a copy of this memorandum and judgment to the Warden and Custodian of Records at the Bradley County Justice Center, in Cleveland, Tennessee, the Commissioner of the Department of Corrections, and the Attorney General for the State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee. Further, the Clerk will be **DIRECTED** to forward a copy of this Memorandum and Order to the court's financial deputy.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of Plaintiff's file and follow him if he is transferred to another institution. The agency having custody of Plaintiff shall continue to collect monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff will also be **ORDERED** to provide the prison officials at any new institution with a copy of this order. Failure of Plaintiff to notify the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against him without any additional notice or hearing by the Court.

**II.     STANDARD OF REVIEW**

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not

3

Case 1:12-cv-00030-CLC-SKL   Document 3   Filed 10/25/12   Page 3 of 11   PageID #: 20

exempt plaintiffs from the requirement that they must comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (In re *DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). In reviewing complaints under 28 U.S.C. §§ 1915A and 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Fridman v. City of New York*, 195 F.Supp.2d 534, 538

4

(S.D.N.Y. 2002) ("The standard for dismissal of an action or appeal taken *in forma pauperis* is identical to the standard for dismissal on a motion made pursuant to Fed.R.Civ.P. 12(b)(6).").

**III.     FACTS**

Plaintiff claims his repetitive requests for access to a law library, legal material, carbon paper, and legal books were denied.  In addition, as the Court understands the allegations, Plaintiff contends his requests, which he made on the kosik, for information about an appeal process and a hard copy of grievances he had filed were denied (Court File No. 2).  Although difficult to decipher, the Court discerns Plaintiff claims that the days on which inmates are provided opportunities for recreation, the recreation period lasts for one hour and six inmates at a time are allowed in the recreation area.  Plaintiff seemingly contends that during that recreation hour he also has to wash his laundry, shower, and stand in line for medication and use of a kiosk.

**IV.     ANALYSIS**

    **A.       42 U.S.C. § 1983**

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law.  *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996).  To maintain a cause of action for damages under 42 U.S.C. § 1983, a plaintiff must also allege the defendant caused the plaintiff an injury and show actual damages. *See Carey v. Piphus*, 435 U.S. 247, 255 (1978); *Chatman v. Slagle*, 107 F.3d 380, 384 (6th Cir. 1997);  *Zehner v. Trigg*, 952 F.Supp. 1318, 1321 (S.D. Ind.), *aff'd* 133 F3d 459 (7th Cir. 1997).

Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). The Supreme Court has rejected the notion that a "wholly conclusory statement of claim" could survive a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968 (2007). Thus, at a minimum, a complaint must include the necessary facts and grounds upon which a particular claim rests. Additionally, to state a § 1983 claim, a plaintiff must allege sufficient facts that, if true, would establish he incurred an injury when the defendants deprived him of a right secured by the Constitution of the United States while they acted under color of law. *See Brock*, 94 F.3d at 244.

### B. Identity of Defendants

Plaintiff has named Sheriff Ruth and Capt. Beavers as defendants in this case. However, Plaintiff has failed to identify in what capacity he has sued the defendants. The complaint does not indicate whether Defendants are being sued in their official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendant in his individual capacity unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324

(6th Cir. 1997). Generally, absent any express indication the defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an employee of the
governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . .;" and Moore sought compensatory and punitive damages against each of the defendants. The Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id.* at 774. However, the Sixth Circuit ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

In this case, Plaintiff has failed to indicate the capacity in which he is suing Defendants. Specifically, he does not indicate either of the defendants are being sued in their individual capacities. A review of the complaint before this Court demonstrates it is not analogous to the complaint in *Moore*. Although Plaintiff did not identify Defendants in their official capacity in the

7

style of the case, the only reference to them in the body of the complaint is in their official capacities. Thus, not only did Plaintiff fail to specify in his complaint that he was suing Defendants as individuals, rather than in their official capacity, he identified the defendants in the body of the complaint by their official titles and only seeks changes in jail procedures as relief (Court File No. 2). Thus, absent any clear indication in the complaint that Defendants are being sued in their individual capacity, the Court must assume they are being sued in their official capacity. *Id.* at 772.

A claim against Defendants in their official capacity is treated as an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because Defendants have been sued only in their official capacity as employees of Bradley County, Tennessee, the Court must proceed as if Plaintiff has in fact sued Bradley County. Therefore, in order to prevail, Plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Bradley County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Bradley County--caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiff does not allege that the violation of his rights resulted from any policy or custom on the part of Bradley County. Plaintiff's failure to demonstrate that the alleged violations of his constitutional rights resulted from acts representing official policy or custom adopted by Bradley County, has resulted in his failure to state a constitutional violation. Therefore, the defendants in this action are entitled to judgment as a matter of law. In addition, as discussed below, Plaintiff has failed to sufficiently allege a constitutional violation and that he has suffered any harm because of the alleged denial of legal materials and inadequate recreation.

### C. No Injury or Constitutional Violation

Even assuming Plaintiff sued Defendants in their individual capacity, relief would be denied as he has failed to sufficiently raise a constitutional violation or allege he suffered any injury.

At the outset the Court notes that, although Plaintiff filed grievances in this matter and wrote Defendants regarding the failure to receive a response to the grievances, it does not appear he can establish sufficient personal involvement of either Defendant through his filing of grievances as a "combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." *Henry v. Pogats,* 53 F.3d 565 (6th Cir. 1994), *available at* 1994 WL 462129. Plaintiff does not allege that either defendant was personally involved in any of the allege constitutional violations. Indeed, he does not claim that he asked either Defendant for legal material or additional recreational opportunities and they denied his requests Instead, he claims he requested access to legal materials on the Kiosk and, as indicated by his attachments, he has written Defendants complaining that his grievances requesting legal material have not been resolved. Plaintiff does not provide sufficient information for the Court

9

to conclude Plaintiff asked the Defendants to provide him the legal material or additional recreational opportunities.

Nevertheless, assuming for the sake of discussion that Defendants were personally involved in these alleged denials of legal material and additional recreational opportunities, Plaintiff has failed to allege a constitutional violation. Plaintiff claims he was denied access to what he describes as "legal material." Yet, he does not claim that such denial in effect denied him access to court. Prisoners have a constitutional right of access to court. *Bounds v. Smith,* 430 U.S. 817, 828 (1977). According to *Bounds,* prisoners must have access to basic legal research materials or a legal assistance program so they can pursue legal recourse in the courts. *Id.* However, "to prove a violation of the right of meaningful access to the courts, a prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Nothing of the sort has been alleged here. Therefore, Plaintiff suffered no injury and any and all claims constructed on denial of access to courts are frivolous as the claim lacks an arguable basis in facts, and fails to state a claim. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (complaint lacking arguable basis in fact is frivolous).

As to Plaintiff's claim that recreation is inadequate in that inmates are only given one hour a day out of their cell, he has failed to state a constitutional violation as the amount of exercise provided to a prisoner need only comport with the "'minimal civilized measure of life's necessities.'" *Walker v. Mintzes*, 771 F.2d 920, 927-28 (6th Cir. 1985) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although a total denial of recreational opportunities may violate the Constitution, *Walker v. Mintzes*, 771 F.2d 920, 927-28 (6th Cir. 1985), the Sixth Circuit has not defined a minimum standard of recreation for adult prisoners. *Rodgers v. Jabe*, 43 F.3d 1082, 1087-88 (6th Cir. 1995).

10

Notably, Plaintiff has neither alleged he was deprived of recreation for any significant time period or that the denial of recreation caused him any physical injury or placed him at substantial risk of serious harm sufficient to constitute an Eighth Amendment violation. Because it appears the alleged deprivation is not a total deprivation as the inmates are allowed out of their cells for recreation for one
hour for an unidentified number of days and there is no claim Plaintiff suffered any injury from the alleged inadequate recreation, no cognizable § 1983 claim has been stated.

Accordingly, the complaint will be **DISMISSED** *sua sponte* in its entirety as frivolous and for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915A and 1915(e)(Court File No. 2).

An appropriate judgment will enter.

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**